IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE CHAVEZ and MARIA RODRIGUEZ, Individually and on behalf of J.C., a minor,<br>   Plaintiffs,<br><br>v.<br><br>UPLIFT EDUCATION,<br>   Defendant. | §§§§§§§§§§§   No. 3:25-CV-1749-K-BW |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On September 2, 2025, Plaintiffs Jose Chavez and Maria Rodriguez, proceeding pro se, filed a Motion to Vacate Voluntary Dismissal and Reinstate Case, pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 23 ("Motion") ("Mot.").) United States District Judge Ed Kinkeade referred the Motion to the undersigned magistrate judge for a hearing, if necessary, and findings and recommendation. (Dkt. No. 26.) Based on the relevant filings and the applicable law, the undersigned recommends that the motion be denied, as Plaintiffs have provided no reason for relief satisfying the requirements of Rule 60(b).

### I. BACKGROUND

**A. Procedural Background.**

Plaintiffs are the parents of J.C., a student who was enrolled at an Uplift Education ("Uplift Education") school. (*See generally* Dkt. 1-1, Exhibit A-2 ("Petition") ("Pet.").) Plaintiffs allege that J.C. was denied entry to Uplift Heights

Healthcare Institute's Primary Care Technician Certification ("PCT") program due to his disability and that Uplift Education failed to provide J.C. with a reasonable accommodation during the admissions process for the program. (*See id.*)

Plaintiffs filed this lawsuit in state court alleging discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. § 794 ("Section 504") and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* (the "ADA"). (*Id.*) Additionally, Plaintiffs asserted a negligence claim and a claim that Uplift Education violated the Texas Educator Code of Ethics under 19 Texas Administrative Code § 247.2, Code of Ethics and Standard Practices for Texas Educators by allowing "unqualified students with personal conflicts to evaluate applicants." (*Id.*) On July 7, 2025, Defendant Uplift Education removed this action to federal court because Plaintiffs' discrimination claims involve substantial questions of federal law. (*See* Dkt. No. 1.)

On July 14, 2025, Uplift Education filed a motion to dismiss Plaintiffs' Section 504 and ADA claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted, and their negligence and alleged violation of the Educator Code of Ethics claims under Rule 12(b)(1), for a lack of subject matter jurisdiction. (*See* Dkt. No. 5.) On July 17, 2025, Plaintiffs filed their response to Uplift Education's motion to dismiss (Dkt. No. 7) and thereafter filed multiple supplemental pleadings (Dkt. Nos. 12, 13, 14, 16, 17, 18, 19, 20, and 21), wherein they attempted to assert new claims and factual allegations without being granted—or even seeking—leave of Court to amend their pleadings. On August 22,

2025, before the Court could address Plaintiffs' numerous inappropriate filings, Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i)). (Dkt. No. 22.) The case was automatically terminated upon Plaintiff's notice, as the notice provided under Rule 41(a)(1)(A)(i) was self-effectuating and requires no action from the court. *See In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015). The effect of such a dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). (*See also* Dkt. No. 22.)

On September 2, 2025, Plaintiffs filed this motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). (*See generally* Mot.) In support of their Motion, Plaintiffs include materials identified as "Exhibit A: Section 504 Manifestation Determination Review Notes (Aug. 26, 2025) (Excerpted relevant portions);" "Exhibit B: Declaration of J.C. (Minor Plaintiff);"[1] and "Exhibit C – Counsel's Written Threat Narrative" further identified as "Excerpt from email of Dianna Bowen, Counsel for Uplift Education (Aug. 22, 2025)." Plaintiffs also filed as a separate attachment to the Motion what appears to be complete copy of the Manifestation Determination Review ("MDR") dated August 26, 2025. (*See* Dkt. No. 23-1.)

On September 23, 2025, Uplift Education filed a response to Plaintiffs' motion (Dkt. No. 24 ("Resp.")) and an appendix in support (Dkt. No. 25 ("App.")). Plaintiffs have not filed a reply, and the deadline to do so has passed. *See* N.D. Tex.

---

[1] The undersigned notes that J.C.'s declaration is not sworn.

Civ. R. 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed."). Accordingly, the Motion is ripe for review.

### B.     Relevant Factual Background.

Plaintiffs argue that relief is warranted under Rule 60(b)(1) because their notice of voluntary dismissal was "a mistake borne of extreme stress and inadvertence" due to "a severe mental health crisis concerning J.C." (Mot. at ECF p. 5.) According to Plaintiffs, they "misinterpret[ed] the procedural options" and "did not comprehend that a Rule 41(a)(1) dismissal (even 'without prejudice') would terminate all court oversight and make it procedurally cumbersome to resume their claims later." (*Id.*) Plaintiffs also argue that "extraordinary circumstances and post-dismissal developments," including J.C.'s "retaliatory expulsion" from Uplift Education, denial of a fair MDR process, and Uplift Education's misrepresentation of evidence suggesting that "J.C. posed a 'threat' to the school community," justify their entitlement to relief under Rule 60(b)(6). (*See* Mot. at ECF p. 7-9.)

In its response, Uplift Education supplies additional details regarding the timing of events surrounding J.C.'s expulsion, Plaintiffs' motion for voluntary dismissal, and the present motion to vacate the dismissal. (*See* Resp. at 4.) J.C. was involved in an incident regarding cell phone use during school hours on August 6, 2025, the first day of school. (*See id.*; *see also* Dkt. No. 23-1, at ECF p. 1.) J.C. claimed he had a medical exemption from a new state law requiring phones be inaccessible in the educational environment and sent what the school later concluded

was a fabricated medical exemption document to school officials. (*See id.*) According to Defendant, Plaintiffs and J.C. were provided multiple opportunities to present their side of the story during the investigation process but never appeared on campus or responded to any of the interview times offered by school officials. (*See* Resp. at 5; App. 001-007.) In an August 12, 2025, email, the Academic Director informed Plaintiffs that J.C. was being placed in out-of-school suspension pending an investigation and was prohibited from coming onto the campus. (*See* App. 001-007.) In spite of this directive, J.C. arrived on campus on August 19 and refused to leave, causing the campus to launch into a "soft lockdown." (*See* App. 008-014.)

Following the investigation, the Academic Director recommended that J.C. be expelled. (App. 015-020.) A hearing was scheduled for August 26, 2025, to determine whether to approve the Academic Director's recommendation of expulsion. (*See id.*) Plaintiffs were informed of the hearing and provided information regarding their rights at the hearing, including their rights for an MDR under § 504. (*Id.*; *see also* Dkt. 23-1.) Thereafter, on August 22, 2025, Plaintiffs reached out to Uplift Education's counsel to confer regarding their intent to file a motion entitled "Notice of Intent to Transfer J.C. from Uplift Heights to L.G. Pinkston High School (Dallas ISD) and [their] request for tailored interim relief that supplements and narrows the pending PI." (*See* App. 008-014.) Among other things, Plaintiffs requested that J.C.'s records be sent to Dallas Independent School District with "neutral coding" including "withdrawn—transfer in good standing" and for

-5-

Uplift Education to "cancel the Aug. 26 expulsion and no expulsion outcome in transmitted records." (*Id.*)

Uplift Education's attorney responded on August 22, 2025, informing Plaintiffs that Uplift Education was opposed to the filing of the notice and the requested relief and specifically stated that "Uplift Education will not agree to a 'neutral coding: withdrawn—transfer in good standing . . . and will not agree to 'cancel the Aug. 26 expulsion and no expulsion outcome in the transmitted records.'" (*Id.*) Plaintiffs were also told that "regardless of your decision to withdraw [J.C.] from Uplift Education and enroll him in another school district, in accordance with Uplift Education policy, Uplift Education will proceed with the expulsion hearing on August 26, 2025. . . . Please refer to the notice letter you received that sets out your rights regarding the expulsion process." (*Id.*)

Approximately an hour and a half after receiving this communication, Plaintiffs emailed Uplift Education's counsel, indicating their intent to file a voluntary dismissal of the lawsuit without prejudice (*see* App. 021-030) and contemporaneously filed their motion for voluntary dismissal without prejudice (*see* Dkt. No. 22). Plaintiffs' email states: "For our family's well-being, we will be filing a [notice of voluntary dismissal] without prejudice shortly. This is not a concession on the merits; we are choosing to step back for health reasons." (*See* App. 021.)

The expulsion hearing and § 504 MDR meeting proceeded as noticed on August 26, 2025. (*See* Dkt. 23-1.) J.C. and Plaintiff Ramirez attended the § 504 meeting but did not attend the expulsion hearing that was scheduled to begin 30

minutes after the MDR meeting concluded; nor did Plaintiffs contact anyone at Uplift Education to request a different time or to report that they were to be late for the MDR meeting.  (*See* Resp. at 7.)  Plaintiffs were notified of the outcome of the expulsion hearing by email and overnight mail at the end of the day on August 26, which included their right to appeal the decision.  (*Id.*, *see also* App. 033-039.)  According to Uplift Education, Plaintiffs have not filed an appeal of the expulsion decision through the local appeal process.  (*See* Resp. at 7.)

## II.  LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated.  Rule 60(b)(1)-(5).  The court can also set aside a judgment for "any other reason that justifies relief."  Rule 60(b)(6).  Relief under this last "catch-all" provision is available, however, "only if extraordinary circumstances are present."  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).  Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments.  *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005).  The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief.  *Harrison v. Baylor Univ. Med. Ctr.*, No. 3:17-CV-2082-D-BT, 2018 WL

7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

Plaintiffs cite Rule 60(b)(1) and Rule 60(b)(6) as justification to support their motion to vacate. (*See generally* Mot.) They argue that relief is warranted under Rule 60(b)(1) because their notice of voluntary dismissal was due to "mistake and misunderstanding." (*See* Mot. at ECF p. 5-7.) Plaintiffs also argue that relief is warranted under Rule 60(b)(6) due to "extraordinary circumstances and post-dismissal developments." The undersigned disagrees that Plaintiffs' reasons justify relief under Rule 60.

### A.   Plaintiffs have not demonstrated they are entitled to relief under Rule 60(b)(1).

Rule 60(b)(1) "was not intended to relieve [a party] of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (alteration in original) (quoting *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)); *see also In re Pettle*, 410 F.3d at 193 ("Where a party makes a considered choice . . . he cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him that, as it turns out his decision was probably wrong." (alteration in original) (internal quotation marks omitted) (quoting *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 6 (1st Cir. 2001))). And the fact that Plaintiffs are proceeding pro se does not entitle them to relief under Rule 60(b)(1). *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010)

("Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." (citations omitted)).

As noted above, Plaintiffs claim that they "misinterpret[ed] the procedural options; that they "believed that dismissing the case would provide a necessary reprieve to focus on J.C.'s mental health," and that they did not understand that a Rule 41(a)(1) voluntary dismissal "would make it procedurally cumbersome to resume their claims later." (Mot. at ECF p. 5.) Plaintiffs believed they could reopen the case at their convenience. (*See id.* at ECF p. 6.)

Rule 41(a)(1) "on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (citation omitted). Rule 41(a) expressly applies to "actions," not claims. Fed. R. Civ. P. 41(a). "[T]he effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit. The plaintiff suffers no impairment beyond his fee for filing and is free to return to the dismissing court or other courts at a later date with the same claim." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005). Plaintiffs' alleged misunderstanding of the consequences of voluntary dismissal does not justify vacating the dismissal under Rule 60(b)(1). Plaintiffs are expected to protect their own legal interests, and their own mistaken assumptions do not arise to the standard set by Rule 60(b)(1). *See, e.g.*, *Violante v. Allstate Texas Lloyds*, No. 7:17-CV-335, 2018 WL 6653003, at *1 (S.D. Tex. Dec. 19,

-9-

2018) (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)).

Plaintiffs also claim that their "decision to dismiss was not made freely in the sense contemplated by the case law" but was "effectively made under duress" due to J.C. "experiencing acute psychological symptoms." (*See id*. at ECF p. 5-6.) Plaintiffs appear to suggest that this duress was due to the expulsion proceedings that were pending at the time against J.C., but Plaintiffs were warned that Uplift Education would proceed with the expulsion regardless of their choice to continue the litigation. (*See* App. 008-014.) Plaintiffs nevertheless decided to proceed with voluntary dismissal of their lawsuit. (*See* App. 021; *see also* Dkt. No. 22.) The notice of voluntary dismissal was a deliberate decision by Plaintiffs, not "an inadvertent act" as they claim. (*See* Mot. at ECF p. 6.)

Furthermore, Plaintiffs' own filing makes clear that they understood the effect of a voluntary dismissal without prejudice. (*See* Dkt. No. 22.) Plaintiffs specifically state in their notice of voluntary dismissal that they filed while reserving "all rights to refile consistent with appliable law and limitations." (*See id*. at ECF p. 1.) This demonstrates that Plaintiffs understood the consequences of their decision to voluntarily dismiss this action and understood that they would need to refile should they choose to reassert their claims at a later date. Plaintiffs have not met their burden to demonstrate they are entitled to relief under Rule 60(b)(1). *See Nat'l City Golf Fin.*, 899 F.3d at 418.

**B.     Plaintiffs are not entitled to relief under Rule 60(b)(6).**

Rule 60(b)(6) "permits vacatur for 'any other reason that justifies relief.'" *Yesh Music*, 727 F.3d. at 363. Rule 60's "catchall" category, subdivision (b)(6), "is available only in 'extraordinary circumstances.' In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (citations omitted)). While "Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case[,]" the Fifth Circuit has "narrowly circumscribed its availability, holding that Rule 60(b)(6) relief 'will be granted only if extraordinary circumstances are present.'" *Id.* (citation omitted); *see also Malagon v. Crescent Hotel & Resorts*, No. 3:16-CV-0644-D, 2018 WL 5717279, at *1 (N.D. Tex. Nov. 1, 2018) ("Although Rule 60(b)(6) is broadly worded, it is narrowly applied[.]"). Consequently, Rule 60(b)(6) requires a showing of "manifest injustice" and cannot be used to relieve a party from the "free, calculated, and deliberate choices he has made." *Edward H. Bohlin Co.*, 6 F.3d at 357.

Plaintiffs here have not stated extraordinary circumstances under which their voluntary dismissal may be vacated. They allege that "Uplift Education has engaged in a series of actions that are highly unusual, retaliatory, and unjust," and that "reinstating the lawsuit is necessary to address these new wrongs and prevent a grave injustice." (*See* Mot. at ECF p. 6-7.) Plaintiffs go on to allege that J.C.'s expulsion, the MDR meeting, the unfair hearing process, and misrepresentation of J.C.'s social

-11-

media post are "extraordinary circumstances" that justify reopening this case. (*See id*. at ECF p. 6-10.) Plaintiffs' rationale for 60(b) relief on this basis is incorrect.

Plaintiffs rely heavily upon *Yesh Music* to support their claim of extraordinary circumstances—apparently because the court overturned a voluntary dismissal. (*See* Mot. at ECF p. 9 (citing *Yesh Music*, 727 F.3d at 362–63).)   However, the facts here are easily distinguishable from *Yesh Music*. The plaintiffs in *Yesh Music* filed a voluntary dismissal after an agreement in open court that they would file in a more advantageous venue for both parties. *Id*. Yet when plaintiffs refiled, opposing counsel moved to maintain the voluntary dismissal with prejudice. *Id*. The court held that because "the parties reached an agreement in open court, on the record, that the action would be dismissed in New York and reinstated in Texas, . . . it would [be] unfair to permit [the defendant] to agree to reinstatement of the case in Texas, and then allow it to renege on its agreement because of the procedural path taken." *Id*.

In contrast, the record here indicates that Plaintiffs were aware that their dismissal would require them to refile a complaint. (*See* Dkt. No. 22 at ECF p. 1.) Further, there was no agreement on the part of Uplift Education to reopen the case, nor any communication indicating that Uplift Education agreed to Plaintiffs' requested terms concerning J.C.'s transfer to Dallas ISD in lieu of expulsion from Uplift Education. (*See* App. 008-014.) In fact, as noted above, Uplift Education clearly communicated to Plaintiffs that it would proceed with the expulsion hearing

-12-

regardless of Plaintiffs' filings or actions in the lawsuit. (*See id.*) Therefore, Plaintiffs' reliance on *Yesh Music* is misplaced and does nothing to support their argument that relief from voluntary dismissal is justified in this case.

Plaintiffs also attempt to assert a laundry list of new claims, but this also does not qualify their case to be reopened. Plaintiffs voluntarily dismissed their initial action without prejudice. (*See generally* Dkt. No. 22.) As explained above, Rule 41(a) expressly applies to "dismissal of actions," not claims. *See* Fed. R. Civ. P. 41(a). The effect of dismissal pursuant to Rule 41(a)(1) is to put Plaintiffs in the same legal position as if they had never brought the first lawsuit. *See Harvey Specialty & Supply*, 434 F.3d at 324 (5th Cir. 2005). Therefore, when the case was dismissed without prejudice, Plaintiffs were free pursue any claim against Uplift Education. However, the proper avenue for such a claim is through filing a new action, not reopening the instant case that they dismissed. *See, e.g.*, *Evans v. Ladner*, No. 1:10-CV-460-HSO-JMR, 2011 WL 7025922, at *1 (S.D. Miss. Dec. 9, 2011), *adopted*, 2012 WL 113651 (S.D. Miss. Jan. 13, 2012). Accordingly, Plaintiffs do not suffer any inequity sufficient to establish an "extraordinary circumstance" prompting relief under Rule 60(b)(6).

### III. RECOMMENDATION

For the foregoing reasons, Plaintiffs' motion for relief from judgment under Fed. R. Civ. P. 60(b) (Dkt. No. 23) should be **DENIED**.

**SO RECOMMENDED** on October 16, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).